# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PNC BANK, N.A.,

       Plaintiff,

v.                                                                            Case No. 6:13-cv-1704-Orl-37GJK

ROY A. ALTERMAN, P.A.; and ROY A. ALTERMAN,

       Defendants.

## ORDER

This cause is before the Court on the following:

1. Amended Motion to Dismiss Verified Complaint (Doc. 15), filed December 12, 2013; and

2. Plaintiff's Response to Defendants' Motion to Dismiss Verified Complaint (Doc. 18), filed January 9, 2014.

Upon consideration, the Court finds that the motion is due to be denied.

## BACKGROUND

Plaintiff is the successor-in-interest to RBC Bank, which in turn is the successor-in-interest to Admiralty Bank. (Doc. 1, ¶ 19.) Plaintiff holds two notes executed and guaranteed by Defendants. (*Id.* ¶ 11.) After Defendants allegedly defaulted, Plaintiff sued to collect on the notes. (*Id.* ¶¶ 12–13, 20–35.)

Defendants moved to dismiss. (Doc. 15.) Plaintiff responded. (Doc. 18.) This matter is now ripe for the Court's adjudication.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ.

P. 8(a)(2). On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations" in the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Those factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

First, Defendants argue that Plaintiff has failed to allege standing because it has failed to prove that it has the right to collect on Admiralty Bank's notes. (Doc. 15, ¶¶ 3–5.) The flaw in this argument is apparent from the argument itself: at this stage, Plaintiff does not have to *prove* anything. *See Iqbal*, 556 U.S. at 678. The Complaint alleges that Plaintiff is a successor to Admiralty Bank and is the holder of the notes at issue (Doc. 1, ¶¶ 1, 19); that is enough to survive a motion to dismiss. If there is an evidentiary issue with regard to whether Plaintiff indeed has the power to collect on Admiralty Bank's loans, that is a matter to be taken up on summary judgment.

Next, Defendants contend that Plaintiff's filing of this suit in this Court, after previously bringing the case in state court (which was dismissed without prejudice), constitutes improper "forum shopping." (Doc. 15, ¶ 7.) Notably, Defendants cite no authority in support of that proposition. (*See id.*) In fact, Plaintiff's choice to bring suit in the federal forum encompassing the relevant county rather than the state forum is not even "forum shopping" in the classical sense. *See* Barbara J. Van Arsdale et al., *Federal*

*Procedure* § 1:782 (2013) ("A plaintiff is guilty of forum shopping if it brings an action in a particular district because the court of appeals in the circuit encompassing that district has decided a question of law involved in the suit which has not been decided in the transferee district . . . ."). Rather, Plaintiff is simply exercising its right as master of the claim, and Defendants concede that both jurisdiction and venue are proper in this forum (Doc. 15, ¶¶ 6–7). This Court certainly has the same ability to apply the relevant law as the state court.

      Relatedly, Defendants also argue that although this venue is proper, it is inconvenient to them because a (concededly permissive) venue-selection clause in the loan documents states that the cause of action should be brought in Brevard County and the evidence is located in Brevard County. (*Id.* ¶¶ 8–9.) This argument is similarly inapposite. First, the clause actually provides that "Borrower agrees *upon Lender's request* to submit to the jurisdiction of the courts of Brevard County, State of Florida" (Doc. 1-9, p. 3 (emphasis added)); as the lender has now chosen to bring the suit here, that clause is inapplicable.[1] *See Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere."). Further, there is no indication that having to litigate in federal court just one county over is so wholly inconvenient to Defendants as to justify dismissal. *Cf. i9 Sports Corp. v. Cannova*,

---

[1] Another clause in the loan documents relating to the guarantee states, "Guarantor hereby waives the right to be sued in the county of Guarantor's residence or principal place of business and hereby consents to being sued in Brevard County, Florida." (Doc. 1-4, p. 8.) This clause is similarly inapplicable because it is permissive: it provides that Defendants consent to suit in Brevard County, but does not foreclose suit in another forum of Plaintiff's choice.

No. 8:10-cv-803-T-33TGW, 2010 WL 4595666, at *3 (M.D. Fla. Nov. 3, 2010) ("Even with the presence of a *binding* forum selection clause, the Court should still consider the convenience of the parties and witnesses and the interest of justice." (emphasis added)).

Finally, Defendants assert that Plaintiff's use of the phrase "and/or" in two paragraphs of the Complaint renders it "nonsensical." (Doc. 15, ¶ 11.) The Court disagrees. Those two paragraphs in a thirty-five paragraph Complaint do not make it "incomprehensible." (*Id.* ¶ 2.) The Court is certain that Defendants can adequately respond: for example, the allegation that conditions precedent have been "satisfied, performed, and/or waived" is exceedingly common, and the use of the phrase "and/or" in that paragraph in no way hampers Defendants' ability to respond to the claims against them. (Doc. 1, ¶ 9.) Therefore, the Court finds that the motion to dismiss is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Amended Motion to Dismiss Verified Complaint (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 7, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record