**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PNC BANK, N.A.,

      Plaintiff,

v.                                              Case No. 6:13-cv-1704-Orl-37GJK

ROY A. ALTERMAN, P.A.; and ROY A. ALTERMAN,

      Defendants.

---

**ORDER**

This cause is before the Court on the following:

1. The Court's Order to Show Cause (Doc. 35), filed December 1, 2014;
2. Plaintiff's Response to Court's Order to Show Cause (Doc. 36), filed December 8, 2014; and
3. Defendants [sic] Response to Show Cause Order (Doc. 37), filed December 9, 2014.

On March 26, 2014, the Court entered its Case Management and Scheduling Order ("CMSO"), which required that the parties mediate by November 17, 2014, and that each party, lead counsel, and corporate representative "*attend* and participate in the mediation conference" or face sanctions. (Doc. 28, pp. 2, 11 (emphasis added).) On November 6, 2014, the parties filed a joint notice that their mediation was scheduled for December 1, 2014 and that Plaintiff's corporate representative would appear telephonically. (*See* Doc. 34.)

On December 1, 2014, the Court ordered the parties to "show cause no later than December 8, 2014 why sanctions should not be imposed for failure to comply" with the

CMSO. (*See* Doc. 35.) Plaintiff responded that: (1) the parties "have been actively participating in ongoing settlement negotiations and currently have a pending settlement offer"; (2) the parties had scheduled mediation for December 1, 2014; and (3) Plaintiff's counsel "inadvertently and unintentionally" misinterpreted the Court's attendance requirement. (Doc. 36, pp. 1–2.) Defendants *untimely* responded that: (1) the appraisal of the property, which was requested by Plaintiff's settlement committee, took "unexpected time to arrange and perform"; (2) the parties anticipated that the case would be settled or the settlement offer would have been rejected, but because it was not, there was nothing to mediate; (3) the parties mutually agreed to reset the mediation for the week of December 1, 2014; and (4) the parties acted in good faith "with what was believed to be the spirit of the [Court's] order." (Doc. 37, pp. 1–2.)

The Court is unsatisfied with either response. The parties are not free to amend the Court's Orders, disregard the language of the Orders, or comply with the Orders "in spirit." As stated in the CMSO, "neither the mediator nor the parties [had] authority to continue the mediation conference beyond" November 17, 2014, yet neither party requested an extension, which would have been the appropriate course of action. Nor are the parties free to determine that they do not need to mediate "in light of the pending and ongoing settlement negotiations" (*see* Doc. 36, p. 2; Doc. 37, p. 2) or that a required individual need not appear in person (*see* Doc. 36, p. 2) without the Court's permission.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The parties are **DIRECTED** to either notify the Court that the case has settled or conduct mediation in compliance with the Court's Order and report the outcome within thirty (30) days. Failure to do so may result in the

imposition of sanctions.

2. All other deadlines and requirements of the CMSO remain in place. (*See* Doc. 28.)

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 7, 2015.

                                                                            ／s／ Roy B. Dalton Jr.
                                                                            ROY B. DALTON JR.
                                                                            United States District Judge

Copies:

Counsel of Record